**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**CIT BANK, N.A.,**

                               **Plaintiff,**

    vs.                                                         3:18-cv-00154
                                                                             (MAD/DEP)

**HAROLD FOX; DOROTHY FOX; LVNV FUNDING
LLC A/P/O CREDIT ONE BANK, N.A.; and HARVEST
CREDIT MANAGEMENT VII LLC,**

                               **Defendants.**

_____

**APPEARANCES:**                                 **OF COUNSEL:**

**BRONSTER, LLP**                         **SEAN K. MONAHAN, ESQ.**
156 W. 56th Street, Suite 1801
New York, New York 10019
Attorney for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff CIT Bank, N.A., commenced this action on February 6, 2018, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") to foreclose a mortgage encumbering 1530 County Highway 41, Roxbury, New York 12474, together with the land, buildings, and other improvements located on the property (the "Mortgaged Property"). *See* Dkt. No. 1 at ¶ 1. Defendants Harold Fox, Dorothy Fox, LVNV Funding LLC a/p/o Credit One Bank, N.A. ("LVNV"), and Harvest Credit Management VII LLC ("Harvest") have not appeared in this action.

      Presently before the Court is Plaintiff's motion for default judgment. *See* Dkt. No. 15 at 1.

### II. BACKGROUND

According to the complaint, on or about March 9, 2007, Defendants Harold Fox and Dorothy Fox executed and delivered a note promising to pay $140,000.00 plus interest to the lender, United Mortgage Corp ("United"). *See* Dkt. No. 1 at ¶ 14. These Defendants also executed and delivered a mortgage on the property as security for the payment for the note. *See id.* at ¶ 15. Through a series of assignments, the mortgage was ultimately assigned to Plaintiff.[1] On April 1, 2017, Defendants Harold Fox and Dorothy Fox failed to make the monthly installment payment due on that date, and then further failed to make all subsequent installment payments. *See id.* at ¶ 27. Plaintiff subsequently chose to accelerate the payments and declare due the entire amount owed pursuant to the terms of the note and mortgage. *See id.* at ¶ 32.

Plaintiff claims that Defendants Harold Fox and Dorothy Fox owe a principal balance of $125,383.73, plus interest, accrued late charges, and related expenses. *See id.* Plaintiff also claims that Defendants LVNV and Harvest hold liens encumbering the Mortgaged Property that are subordinate to Plaintiff's mortgage. *See id.* at ¶¶ 6, 7. Service of the pleadings on Defendants LVNV and Harvest by personal service was completed on February 15, 2018. *See* Dkt. Nos. 5, 8. Substituted service was made on Defendant Harold Fox on March 5, 2018. *See* Dkt. No. 6. However, a notice of voluntary dismissal concerning this Defendant was filed, and granted, in light of his passing. *See* Dkt. Nos. 13, 17. Defendant Dorothy Fox was served by publication on September 5, 2018, well after this motion was filed.[2] *See* Dkt. No. 23. Plaintiff now moves for default judgment against Defendants LVNV and Harvest. *See* Dkt. No. 15 at 1.

---

[1] The original lender, United, assigned the mortgage to Mortgage Electronic Registration Systems, Inc., as a nominee for IndyMack Bank, F.S.B., on March 9, 2007. *See* Dkt. No. 1 at ¶ 18. The mortgage was then assigned to Plaintiff on December 12, 2017. *See id.* at ¶ 20.

[2] For that reason, a separate motion for Defendant Dorothy Fox needs to be filed for her to be subject to a default judgment. *See* Dkt. No. 27. This motion only potentially subjects Defendants LVNV and Harvest to a default judgment.

**III. DISCUSSION**

A. **Default Judgment**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court." *Id.* (quotation omitted). "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2). In addition, Local Rule 55.2(a) requires that the moving party submit an affidavit attesting that the defendant is neither an infant nor incompetent, is not serving with the armed forces of the United States, has defaulted in appearance in this action, and that service was properly effected under Rule 4 of the Federal Rules of Civil Procedure. N.D.N.Y. L.R. 55.2(a).

Plaintiff commenced this action by summons and complaint on February 6, 2018. *See* Dkt. No. 1, 2. Plaintiff contends that Defendants LVNV and Harvest have not appeared, answered, or otherwise moved with respect to the complaint within the time allotted. *See* Dkt. No. 15-1 at 3. On April 16, 2018, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default against Defendants LVNV and Harvest pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1. *See* Dkt. No. 9. The default was entered by the Clerk of the Court on April 18, 2018. *See* Dkt. No. 12. Plaintiff filed the present motion for

default judgment on Defendants LVNV and Harvest on June 18, 2018, and served notice of the motion on those Defendants on the same day. *See* Dkt. Nos. 15, 16. Finally, Plaintiff's affidavit properly attests to all the requirements set fourth in Local Rule 55.2(a) to the extent required by the court. *See* Dkt. No. 9-1. For these reasons, the Court finds that Plaintiff has fulfilled all the procedural requirements for default judgment.

As long as a plaintiff has met the procedural requirements, "the decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). There are several factors that a court may consider when deciding a default judgment motion, including "'whether plaintiff has been substantially prejudiced by the delay involved[ ] and whether the grounds for default are clearly established or are in doubt.'" *Id.* (quotation and other citation). "The court is also guided by the same factors that apply to a motion to set aside entry of default: (1) whether the default was willful; (2) whether the plaintiffs would be prejudiced by the denial of the motion for default judgment; and (3) whether there are meritorious defenses to plaintiff's claims." *Id.* (citing *Percarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)) (other citations omitted). The Court notes that "default judgments are disfavored" and that "[a] clear preference exists for cases to be adjudicated on the merits." *Percarsky*, 249 F.3d at 175 (citing *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)).

**B.    Subject Matter Jurisdiction**

Plaintiff, CIT Bank, N.A., asserts federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Dkt. No. 1 at ¶ 9. "Under the standard diversity jurisdiction statute, 28 U.S.C. § 1332(a), there must be 'complete' diversity among the parties, meaning that each defendant must be a citizen of a different state from each plaintiff."

4

*U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, *2 (N.D.N.Y. Sept. 20, 2016) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996)). In this case, the complaint does not sufficiently allege Plaintiff's citizenship, and therefore, the Court is unable to determine whether complete diversity exists.

The complaint attempts to establish Plaintiff's citizenship by asserting that its principal place of business is in California. *See* Dkt. No. 1 at ¶¶ 2, 10(e). However, because Plaintiff is a national banking association, its citizenship is not determined by its principal place of business, but rather by the location of its main office as designated in its articles of association. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) ("The Supreme Court has held unequivocally that a national bank is 'located,' for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office . . . .") (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)). Since Plaintiff has neither submitted its articles of incorporation, nor referenced its main office in the complaint, the complaint must be dismissed without prejudice and the motion for default judgment is denied. *See Receivables Exch., LLC v. Hotton*, No. 11-CV-292, 2011 WL 239865, *1 (E.D.N.Y. Jan. 21, 2011) ("[W]hen a complaint fails to plead subject matter jurisdiction, the Court is obligated to dismiss it *sua sponte*") (citing Fed. R. Civ. P. 12(h)(3)); *U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Gross*, 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017) (denying the motion for default judgment and dismissing the plaintiff's complaint where it alleged the plaintiff's principal place of business but not its main office).

**C.     Procedural Defects**

In New York, mortgage foreclosure actions are governed by Article 13 of the R.P.A.P.L. *See* N.Y. R.P.A.P.L. § 1301 *et seq.*; *Putnam Cty. Sav. Bank v. Bagen*, 185 B.R. 691, 696-97

(Bankr. S.D.N.Y. 1995). Under the common law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt. *See U.S. Bank, N.A. v. Squadron VCD, LLC,* 504 Fed. Appx. 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)). In addition, the R.P.A.P.L. also requires the service of statutory notice on the mortgagor prior to commencing an action, *see* R.P.A.P.L. § 1304, the service of statutory notice on the mortgagor with the summons and complaint, *see* R.P.A.P.L. § 1303, the filing of required information with the superintendent of the New York State Department of Financial Services, *see* R.P.A.P.L. § 1306,[3] and the filing of notice of pendency, *see* R.P.A.P.L. § 1331. Section 1331 of the R.P.A.P.L. requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." In addition, the notice of pendency must be filed with a copy of the complaint, unless the complaint has already been filed in that county. *See* N.Y. C.P.L.R. § 6511(a).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). In the present case, Plaintiff has sufficiently demonstrated that Defendant Fox executed a note secured by a mortgage on the Mortgaged Property, and that Defendant Fox subsequently defaulted on that note. *See* Dkt. No. 1 at ¶¶ 14-31.

---

[3] Sections 1303, 1304, and 1306 of the R.P.A.P.L. contain requirements specific to the borrower and, therefore, are not relevant to corporate Defendants LVNV and Harvest.

However, the Court finds that Plaintiff's notice of pendency is ineffective. Plaintiff filed a notice of pendency pursuant to R.P.A.P.L. section 1331 with the Delaware County Clerk in the State of New York. *See* Dkt. No. 15-4. The notice states that a foreclosure action has been commenced against Defendants in the United States District Court for the **Eastern** District of New York. *See id.* at 3. In addition to the fact that this action was commenced in the Northern District of New York, not the Eastern District of New York, there is also no indication that Plaintiff filed a copy of the complaint with the notice of pendency as required by C.P.L.R. § 6511(a). The only document attached to the notice of pendency is a legal description of the property, *see id.* at 5, and Plaintiff has not alleged that the complaint was filed with the notice of pendency.

The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice, and to bind a purchaser by all proceedings taken in the action after such filing. *See* N.Y. C.P.L.R. § 6501. The notice of pendency is "an extraordinary privilege," which permits a party to hinder the transfer of another's property without judicial intervention. *See Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354 (E.D.N.Y. 1997) (quoting *Israelson v. Bradley*, 308 N.Y. 511, 516 (1955)). "[T]he New York Court of Appeals has required strict compliance with the statutory procedural requirements" of the notice of pendency. *Richard J. Zitz*, 965 F. Supp. at 354 (quoting *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320-21 (1984)).

Even assuming the complaint properly alleged subject matter jurisdiction, the Court finds that Plaintiff's motion for default judgment would still be denied. The failure to file a complaint with the notice of pendency, as statutorily required, rendered Plaintiff's notice defective and void. *See Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (3d Dep't 2005)

("[W]here, as here, no complaint was filed with the notice of pendency, it follows that the notice was defective and void from the beginning . . . ."). As such, Plaintiff is directed to cure these procedural deficiencies upon filing its amended complaint.

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **DENIED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall file its amended complaint within **twenty (20) days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file its amended complaint within twenty (20) days of the date of this Memorandum-Decision and Order the Clerk of the Court shall close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 21, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge