**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CIT BANK, N.A.,**

                               **Plaintiff,**

    vs.                                                  **3:18-CV-00154**
                                                                 **(MAD/DEP)**

**DOROTHY FOX; LVNV FUNDING**
**LLC A/P/O CREDIT ONE BANK, N.A.; and HARVEST**
**CREDIT MANAGEMENT VII LLC,**

                                **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**BRONSTER, LLP**                             **SEAN K. MONAHAN, ESQ.**
156 W. 56th Street, Suite 1801
New York, New York 10019
Attorney for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff CIT Bank, N.A., commenced this action on February 6, 2018, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") to foreclose a mortgage encumbering the property, land, buildings, and other improvements located at 1530 County Highway 41, Roxbury, New York 12474 (the "Mortgaged Property"). *See* Dkt. No. 1 at ¶¶ 1-8; Dkt. No. 1-2 at ¶¶ 1-2. Defendants Dorothy Fox, LVNV Funding LLC a/p/o Credit One Bank, N.A. ("LVNV"), and Harvest Credit Management VII LLC ("Harvest") have not appeared in this action.[1] On June 18, 2018, Plaintiff moved for a default judgment against LVNV and

---

[1] The Complaint also named Harold Fox as a Defendant in this action; however, Plaintiff filed a notice of voluntary dismissal concerning this Defendant in light of his passing. *See* Dkt.
(continued...)

Harvest. *See* Dkt. No 15. On November, 21, 2018, the Court denied the motion and dismissed the Complaint without prejudice due to procedural defects. *See* Dkt. No. 28 at 5-8. That same day, Plaintiff filed an Amended Complaint. *See* Dkt. No. 29.

Currently before the Court is Plaintiff's renewed Motion for a Default Judgment against Defendants LVNV and Harvest, as well as Plaintiff's Motion for Default Judgment against Defendant Dorothy Fox. *See* Dkt. Nos. 31, 34.

## II. BACKGROUND

According to the Amended Complaint, on or about March 9, 2007, Defendants Harold Fox and Dorothy Fox executed and delivered a note promising to pay $140,000.00 plus interest to the

lender, United Mortgage Corp ("United"). *See* Dkt. No. 29 at ¶ 13. These Defendants also executed and delivered a mortgage on the property as security for the payment for the note. *See id.* at ¶ 14. Through a series of assignments, the mortgage was ultimately assigned to Plaintiff.[2]

Beginning on April 1, 2017, Defendants Harold Fox and Dorothy Fox failed to make their monthly installment payment. *See id.* at ¶ 27. Plaintiff subsequently chose to accelerate the payments and declare due the entire amount owed pursuant to the terms of the note and mortgage. *See id.* at ¶ 32. Plaintiff claims that Defendant Dorothy Fox owes a principal balance of $125,383.73, plus interest, accrued late charges, and related expenses. *See* Dkt. No. 34-1 at ¶¶ 26-32. Plaintiff also claims that Defendants LVNV and Harvest hold liens encumbering the Mortgaged Property that are subordinate to Plaintiff's mortgage. *See* Dkt. No. 29 at ¶¶ 5-7.

---

[1](...continued)
Nos. 13, 17.

[2] The original lender, United, assigned the mortgage to Mortgage Electronic Registration Systems, Inc., as a nominee for IndyMack Bank, F.S.B., on March 9, 2007. *See* Dkt. No. 29 at ¶ 18. The mortgage was then assigned to Plaintiff on December 12, 2017. *See id.* at ¶ 20.

Defendants LVNV and Harvest were personally served with the pleadings on February 15, 2018. *See* Dkt. Nos. 5, 8. On July 5, 2018, Plaintiff filed a Motion to Extend Time to Serve and Direct Service by Alternative Means, in which Plaintiff requested to serve Dorothy Fox by publication. *See* Dkt. No. 19. On July 20, 2018, Magistrate Judge David E. Peebles granted Plaintiff's motion to serve by publication. *See* Dkt. No. 22. Specifically, the order provided as follows:

> ORDERED that plaintiff shall publish the summons in this action, together with notice to defendant Fox advising of the pendency of this action, a brief statement of the nature of the action, the relief sought, the sum of money for which judgment may be taken in case of default, and a brief description of the subject property in The Daily Star, published in Oneonta, New York, and The Reporter, published in Delhi, New York, weekly for a period of four successive weeks. The publication of the summons and notice shall occur once in each of the four successive weeks. The first publication shall be made within thirty days of the date of this order.

*See id.* at 2-3. Attempting to follow this order, Plaintiff published Magistrate Judge Peebles' Order in its entirety in The Daily Star and The Reporter for a period of four successive weeks from August 25, 2018 to September 5, 2018. *See* Dkt. No. 23.

None of the Defendants responded to the Complaint or otherwise appeared in this action. On June 18, 2018, Plaintiff moved for default judgment against Defendants LVNV and Harvest. *See* Dkt. No. 15. However, the Court denied the motion and dismissed the Complaint without prejudice because Plaintiff failed to establish diversity jurisdiction, and Plaintiff's notice of pendency was defective and void. *See* Dkt. No. 28 at 4-8. Specifically, the Court noted that Plaintiff failed to sufficiently allege its citizenship since Plaintiff had not submitted its Articles of Incorporation or stated the location of its main office in the Complaint. *See id.* at 5. Further, the Court found that Plaintiff's notice of pendency was defective since it mistakenly stated that the

foreclosure action had been commenced in the United States District Court for the **Eastern** District of New York. *See id.* at 7. In addition, Plaintiff failed to allege or otherwise demonstrate that it filed a copy of the Complaint with the notice of pendency as required by C.P.L.R. § 6511(a). *See id.* at 7. The Court then ordered Plaintiff to file an amended complaint within twenty days or the case would be dismissed. *See* Dkt. No. 28 at 8.

On November 21, 2018, Plaintiff timely filed the Amended Complaint. *See* Dkt. No. 29. On December 28, 2018, Plaintiff resubmitted the Motion for a Default Judgment against Defendants LVNV and Harvest. *See* Dkt. No. 31. On January 28, 2019, Plaintiff filed a Motion for Default Judgment against Dorothy Fox. *See* Dkt. No. 34.

### III. DISCUSSION

**A.     Default Judgment**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). In addition, Local Rule 55.1 requires the party requesting an entry of default to submit an affidavit showing "(1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure and (3) it has properly served the pleading to which the opposing party has not responded. *See* N.D.N.Y. L.R. 55.1.

"Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court." *Simmons*, 2008 WL 685498, at *2 (quoting *Robertson*, 2008 WL 2519894, at *3). "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2). In addition, Local Rule 55.2(a) requires that the moving party submit an affidavit attesting that the defendant is neither an infant nor incompetent, is not serving with the armed forces of the United States, has defaulted in appearance in this action, and that service was properly effected under Rule 4 of the Federal Rules of Civil Procedure. N.D.N.Y. L.R. 55.2(a). "When a default is entered, the defendant is deemed to have admitted all of the well pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

In the present matter, Plaintiff's motions for default judgment must once again be denied. After Plaintiff filed its Amended Complaint in compliance with the Court's November 21, 2018 Memorandum-Decision and Order, Plaintiff did not seek the Clerk's entry of default on Amended Complaint as required by Rule 55(a). Plaintiff's Amended Complaint superceded the original Complaint, thereby making the original Complaint a nullity. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010). To that end, the Clerk's entry of default based on Defendants' failure to answer or otherwise respond to the original Complaint is likewise a nullity and must be set aside. And for this same reason, the pending motions for default judgment must also be denied. *See U.S. Bank Nat. Assoc. as Trustee for Truman 2016 SC6 Title Trust v. Harris*, No. 4:16-cv-498, 2017 WL 10776031, *1 (E.D. Tex. Sept. 29, 2017) (citing cases); *Winston v. City of*

5

*Laurel*, No. 2:12CV61, 2012 WL 5381346, *2 (S.D. Miss. Oct. 31, 2012) ("[T]he filing of the Amended Complaint mooted the Clerk's Entry of Default"); *SEC v. Boey*, No. 07-CV-39, 2013 WL 1775444, *1 (D. N.H. Apr. 25, 2013) (finding clerk's default rendered a nullity by filing of amended complaint); *Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co.*, No. 4:08cv1947, 2009 WL 2916841, *1 (E.D. Mo. Sept. 4, 2009) (holding that the entry of default relating to the original complaint was rendered moot when the plaintiff filed an amended complaint). As such, the Court denies without prejudice Plaintiff's motions for default judgment.

Additionally, regarding Plaintiff's motion against Defendant Fox, the Court finds that Plaintiff failed to comply with the service by publication requirements set forth by Magistrate Judge Peebles. On July 20, 2018, Magistrate Judge Peebles specifically ordered Plaintiff to "publish the summons in this action, together with notice to Defendant Fox advising of the pendency of this action, a brief statement of the nature of the action, the relief sought, the sum of money for which judgment may be taken in case of default, and a brief description of the subject property" in two local newspapers for four weeks. *See* Dkt. No. 22 at 2-3. Instead of following these instructions, Plaintiff published the actual order issued by Magistrate Judge Peebles where he granted Plaintiff's motion to serve Defendant Fox by publication. *See* Dkt. No. 23. This is clearly not how Magistrate Judge Peebles ordered Plaintiff's to serve by publication. *See* Dkt No. 22 at 2-3. Plaintiff failed to publish the summons, provide a brief statement of the nature of the action, state the relief sought, state the sum of money, and provide a brief description of the subject property. *See* Dkt. No. 23. Therefore, Plaintiff did not comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. As such, even had Plaintiff applied for the Clerk to enter default on the Amended Complaint, Plaintiff's Motion for a Default Judgment as to Defendant Fox would be denied on this alternative ground.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motions for default judgment (Dkt. Nos. 31 & 34) are **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 17, 2019
       Albany, New York

Mae A. D'Agostino
U.S. District Judge